FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 03, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RYAN H., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.   1:22-CV-03121-WFN <br><br> ORDER |

Ryan H. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney Kathryn Higgs represents Plaintiff. Special Assistant United States Attorney Lars J. Nelson represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **AFFIRMS** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Disability Insurance Benefits on January 29, 2020, alleging disability beginning on January 8, 2019, due to physical and mental impairments. Tr. 15, 191–92. The application was denied initially, Tr. 61–69, and on reconsideration, Tr. 73–84. Administrative Law Judge [ALJ] Timothy Mangrum held a hearing on July 21, 2021, Tr. 31–60, and issued an unfavorable decision on September 23, 2021, Tr. 15–26. The Appeals Council denied review on August 29, 2022. Tr. 1–2. The ALJ's September 2021 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 14, 2022. ECF No. 1.

ORDER - 1

## FACTS

Plaintiff was born in 1976 and was 42 years of age as of his alleged onset date. Tr. 25, 191. He completed high school and has past work as a truck driver. Tr. 25, 447. Plaintiff alleges disability based on right shoulder dysfunction. Tr. 18, 36–37, 45.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a

claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On September 23, 2021, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15–26.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "dysfunction of knee (including residual effects of status post-knee surgery)" and "dysfunction of shoulder." *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he could perform light work "except: no climbing of ladders; no crawling; no more than frequent handling and fingering; and no more than occasional overhead reaching with the right upper extremity." Tr. 19.

At step four, the ALJ found Plaintiff was unable to perform past relevant work as a truck driver. Tr. 25.

At step five, the ALJ found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 25–

ORDER - 3

26. The ALJ specifically identified the representative occupations of small-parts assembler, parking lot attendant, and school crossing guard. *Id.*

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 26.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) finding Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms not credible, (2) rejecting the opinions of Plaintiff's treating and examining doctors, and (3) determining Plaintiff's RFC.

## DISCUSSION

**(1) Plaintiff's Subjective Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting his subjective symptom testimony. ECF No. 11 at 6–10.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

ORDER - 4

Plaintiff claims he is in constant pain and numbness, and that he is unable to lift anything in front of him or over his head. ECF No. 11 at 10; Tr. 38–39. He also testified his reaching problems prevent him from driving or using a computer. ECF No. 11 at 10; Tr. 38–39, 42.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 19–22.

Specifically, the ALJ found Plaintiff's claimed limitations were inconsistent with the objective medical evidence, Plaintiff's relatively conservative treatment history, and Plaintiff's improvement with treatment. *Id*.

Plaintiff argues the ALJ erred in interpreting the objective medical evidence by taking facts out of context to support his finding. ECF No. 11 at 8–9. According to Plaintiff, there is ample evidence in the record showing that Plaintiff's claims are consistent with the objective medical evidence. *Id*. But even if the record could support Plaintiff's claim, it would not mean the ALJ erred. *See Morgan*, 169 F.3d at 599. The ALJ did not ignore the objective medical evidence. *See* Tr. 22–25. He discussed it thoroughly and concluded it was inconsistent with Plaintiff's claims. *Id*. The ALJ's conclusion is supported by substantial evidence: examinations showed Plaintiff had normal strength, range of motion, and functioning in his shoulder. *See, e.g.*, Tr. 21, 298, 313, 322, 453, 481, 491. Likewise, imaging showed only mild issues. Tr. 320, 482. Notably, the objective evidence Plaintiff cites is from January 2019 to May 2019. *See* ECF No. 11 at 8–9. Records show Plaintiff reinjured his shoulder in January 2019, had surgery in April 2019, Tr. 413, and improved significantly afterward, Tr. 377, 382, 404, 413. Because the ALJ's finding is reasonable and supported by substantial evidence, the Court will not disturb it. *See Morgan*, 169 F.3d at 599.

Plaintiff also argues symptom claims cannot be rejected solely because they are not supported by objective medical evidence. *See* ECF No. 11 at 9–10. However, the ALJ did

ORDER - 5

not reject Plaintiff's symptom claims solely because they were unsupported by objective evidence. Tr. 21–22. The ALJ also found Plaintiff's symptom claims were inconsistent with his treatment history. *Id.* Plaintiff had surgery in April 2019. Tr. 413. Since then, his treatment was minimal, consisting primarily of physical therapy. Tr. 21, 374–406. By January 2020, Plaintiff was "quite improved," and by February 2020 his treatment provider opined Plaintiff had reached "maximum medical improvement," Tr. 404. From that point, Plaintiff had no further treatment for his shoulder. Plaintiff does not take pain medication, though "[o]nce in a great while [he] will take some ibuprofen." Tr. 45. Taken together with the relatively unremarkable objective evidence, Plaintiff's conservative treatment and improvement with that treatment were sufficient reasons to discount his claimed symptoms. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *cf. Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (affirming ALJ's finding that treatment was conservative overall despite evidence the claimant had undergone surgery).

Plaintiff argues the ALJ erred by failing to consider the delays Plaintiff sometimes faced in getting treatment and the fact that Plaintiff could not get authorization from worker's compensation for additional treatment. ECF No. 11 at 7–8. But Plaintiff does not explain what additional treatment he needed that he could not obtain. *See id.* Nor did the record before the ALJ indicate Plaintiff needed any treatment he could not obtain. To the contrary, the record supported the ALJ's conclusion that Plaintiff's treatment was conservative because his symptoms were not as severe as he claimed.

**(2) Medical Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of Howard Platter, M.D.; Wayne Hurley, M.D.; Betty Cohen, M.D.; Meta Chessin, P.T.; Gabriel Lascar, M.D.; George Liu, M.D.; Nola Fraser, O.T.R.; and David Belfie, M.D. ECF No. 11 at 13–15. Plaintiff also alleges the ALJ erred by failing to consider the findings of Scott Hutson, M.D., the independent medical evaluator who examined Plaintiff as part of his worker's compensation claim. *Id.* at 15–17.

ORDER - 6

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how he considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how he considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.

(2) *Consistency*. The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the

ORDER - 7

decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

### (a) Howard Platter, M.D., and Wayne Hurley, M.D.

Dr. Platter was the initial state agency physical reviewer. Tr. 22, 61–69. In April 2020, he found Plaintiff would be limited to light exertion with no more than frequent postural maneuvers and no more than occasional overhead reaching with his right arm. Tr. 22, 66–67. Dr. Hurley was the state agency physical reviewer on reconsideration. Tr. 22, 73–82. In July 2020, he found Plaintiff would be limited to light exertion with additional limits to posture and reaching with the right arm. Tr. 22, 80–81.

The ALJ found these opinions persuasive in part. Tr. 22. The limitation to light exertion was supported and consistent with the record. *Id.* However, the postural limitations were not supported by an explanation. And the limitations on posture and reaching were both inconsistent with Plaintiff's improvement after surgery. Tr. 22–23.

Plaintiff argues the ALJ erred because Dr. Platter's and Dr. Hurley's findings were consistent with the record, which they both had reviewed. ECF No. 11 at 13-14. But Dr. Platter and Dr. Hurley were not able to consider the record after July 2020. And, as discussed above, the ALJ reasonably concluded that Plaintiff improved significantly after his April 2019 surgery and stopped getting treatment for his shoulder in May 2020. The ALJ found Dr. Platter's and Dr. Hurley's limitations partially unpersuasive because they were inconsistent with this record of improvement. Tr. 22–23. Because the ALJ's conclusion is supported by substantial evidence, the Court will not disturb it. *See Woods*, 32 F.4th at 787.

The ALJ also found that Drs. Platter and Hurley did not sufficiently explain how Plaintiff's shoulder impairment impacted his kneeling and balancing. Tr. 22. Plaintiff argues this was error because shoulder impairments can impact kneeling and balancing. ECF No. 13 at 5. Whether that is true or not, the lack of an explanation is an appropriate reason for discounting medical opinions. *See* 20 C.F.R. § 404.1520c(c). The ALJ did not err by taking the lack of explanation into account.

ORDER - 8

**(b) Betty Cohen, M.D.; Meta Chessin, P.T.; Gabriel Lascar, M.D.; George Liu, M.D.; Nola Fraser, O.T.R**

Plaintiff notes the ALJ found the opinions of Dr. Cohen, Ms. Chessin, Dr. Lascar, and Dr. Liu unpersuasive, and the opinion of Ms. Fraser persuasive only in part. ECF No. 11 at 14. Plaintiff then asks, "If the ALJ found all these opinions unpersuasive, what opinions or findings did the ALJ rely on in determining the RFC?" *Id.* However, the ALJ did find some opinions persuasive and partially persuasive, *see* Tr. 22–24, and the ALJ is ultimately responsible for formulating the RFC, *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Besides, Plaintiff's rhetorical question does not assert any distinct error. *See* ECF No. 11 at 14. Therefore, the ALJ's consideration of the opinions of Dr. Cohen, Ms. Chessin, Dr. Lascar, Dr. Liu and Ms. Fraser is affirmed. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

**(c) David Belfie, M.D.**

Dr. Belfie opined Plaintiff had a number of temporary postural and manipulative limitations. *See* Tr. 23–24, 402, 442, 468–69. The ALJ found Dr. Belfie's opinion partially persuasive but found some of Dr. Belfie's greater manipulative and postural limitations to be inconsistent with evidence of improvement with treatment and normal examination records. Tr. 24. This was a sufficient reason to discount Dr. Belfie's opinion. *See Woods*, 32 F.4th at 793 n.4.

Plaintiff argues the ALJ erred by mistaking Dr. Belfie's reference to "light duty," which has a specific meaning in the worker's compensation context, for a reference to "light work." ECF No. 11 at 14–15. The Court disagrees. The ALJ's interpretation of Dr. Belfie's opinion is reasonable and supported by substantial evidence. Even if the ALJ had misapprehended the term "light duty," it did not impact his ultimate conclusion. *See Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 434 (9th Cir. 1988).

Plaintiff also argues the ALJ erred by finding Dr. Belfie opined temporary limitations. ECF No. 11 at 15. Dr. Belfie noted on multiple occasions that Plaintiff would be unable to work for a specified period around two months. *See* Tr. 24, 462–63. According to Plaintiff,

ORDER - 9

Dr. Belfie did not opine temporary limitations because he actually believed the limitations would be temporary, but because he was instructed to do so for worker's compensation purposes. *See* ECF No. 11 at 15. Regardless of his reason for doing so, Dr. Belfie did limit his opinion to a specified period. Therefore, the ALJ did not err by finding Dr. Belfie opined temporary limitations. Besides, the ALJ did not discount Dr. Belfie's opinion because he opined only temporary limitations. He discounted Dr. Belfie's opinion because it was inconsistent with later normal examination results and improvement with treatment. *See* Tr. 23–24.

### (d) Scott Hutson, M.D.

Dr. Hutson examined Plaintiff as part of Plaintiff's worker's compensation claim. Tr. 445–61. Dr. Hutson found Plaintiff had achieved "maximum medical improvement" and had "19[%] permanent partial impairment to the right shoulder." Tr. 455. The ALJ noted that Dr. Hutson's worker's compensation disability ratings were inherently neither valuable nor persuasive. Tr. 23. Indeed, the ALJ was not required to "provide any analysis . . . about a decision made by any other governmental agency or a nongovernmental entity about whether [Plaintiff was] disabled." 20 C.F.R. § 404.1504. Plaintiff agrees the ALJ was not required to discuss Dr. Hutson's conclusions but argues his objective findings support Plaintiff's subjective statements and the rejected medical opinions. *See* ECF No. 11 at 17. But the ALJ did consider Dr. Hutson's findings. *See* Tr. 21. Even if there is evidence in the record that would support Plaintiff's conclusion, the ALJ's conclusion is binding because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599.

### 3. RFC

Finally, Plaintiff argues the ALJ erred because the RFC is based on the ALJ's improper rejection of Plaintiff's symptom testimony and medical opinions. ECF No. 11 at 18–21. This argument fails because, as explained above, the ALJ did not err in rejecting Plaintiff's symptom testimony or medical opinions.

Plaintiff also argues the ALJ erred in relying on the vocational expert's testimony because the vocational expert based his testimony on the dictionary of occupational titles

ORDER - 10

[DOT] and the DOT is obsolete. ECF No. 11 at 20. However, the ALJ is permitted to rely on the vocational expert's testimony even if it is not supported by data, particularly where, as here, it is not contested. *See Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192–93 (9th Cir. 2022). Therefore, the ALJ did not err. *See id.* Because Plaintiff did not challenge the usefulness of the DOT at the hearing before the ALJ, *see* Tr. 50–59, Plaintiff has forfeited the argument. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109 (9th Cir. 2017).[1]

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of reversible error. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed March 3, 2023, **ECF No. 11**, is **DENIED**.
2. Defendant's Brief, filed April 14, 2023, **ECF No. 12**, is **GRANTED**.

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** this 3rd day of August, 2023.

07-21-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff does not offer any authority stating it is error for the ALJ to rely on the DOT. *See* ECF No. 11 at 20.

ORDER - 11